UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
Fax (410) 962-3630

March 18, 2016

LETTER TO COUNSEL:

    RE:   *Emily Bligen v. Carolyn W. Colvin, Acting Commissioner of Social Security*
            Civil No. TJS-15-0003

Dear Counsel:

      On January 1, 2015, the Plaintiff, Emily Bligen ("Ms. Bligen"), petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 18 & 20.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301. (ECF Nos. 2 & 9.) I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

      Ms. Bligen filed her application for DIB and SSI in January 2009. (Tr. 43-52.) She initially claimed alleged disability beginning on June 1, 2007, but later amended her alleged onset date to November 1, 2008. (Tr. 17, 100.) The claim was denied initially and on reconsideration. (Tr. 147-58, 159-64.) A hearing was held before an Administrative Law Judge ("ALJ") on August 26, 2010. (Tr. 53-93.) On October 12, 2010, the ALJ determined that Ms. Bligen was not disabled under the Social Security Act as she retained the residual functional capacity ("RFC") to perform her past relevant work. (Tr. 124-34.) On June 14, 2012, the Appeals Council granted Ms. Bligen's request for review and remanded the case to the ALJ. (Tr. 139-42.) A second ALJ held a supplemental hearing on March 7, 2014 (Tr. 94-116) and on April 21, 2014 issued a decision finding Ms. Bligen was not disabled. (Tr. 14-42.) On October 31, 2014, the Appeals Council denied Ms. Bligen's request for review of the April 21, 2014 decision, making that decision the final, reviewable decision of the agency. (Tr. 1-5.)

      The ALJ evaluated Ms. Bligen's claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Ms. Bligen was not engaged in substantial gainful activity, and had not been engaged in substantial gainful activity since November 1, 2008. (Tr. 19.) At step two, the ALJ found that

Ms. Bligen suffered from the severe impairments of "degenerative disc disease of the cervical/lumbar spine, chronic obstructive pulmonary disease, and obesity." (Tr. 20.) At step three, the ALJ found that Ms. Bligen's impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings") (Tr. 21-22.) The ALJ determined that Ms. Bligen has the RFC

> to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), insofar as she is able to lift/carry 10 pounds occasionally and less than 10 pounds frequently, stand/walk about 2 hours, and sit about 6 hours during an 8-hour workday. She can perform postural activities (such as balancing and stooping) on an occasional basis, but must avoid concentrated exposure to temperature extremes, wetness, humidity, fumes, odors, dust, gasses, poor ventilation, or hazards (such as heights and moving machinery). She requires the use of an assistive device in order to ambulate.

(Tr. 22.)

At step four, the ALJ determined that Ms. Bligen is able to perform past relevant work as an office manager. (Tr. 33-34.) Therefore, the ALJ found that Ms. Bligen was not disabled under the Social Security Act. (Tr. 34.)

Ms. Bligen presents three arguments on appeal: (1) that the ALJ failed to properly evaluate Ms. Bligen's RFC using the required function-by-function assessment; (2) that the ALJ's failure to include a "sit/stand option" in the RFC finding is not supported by substantial evidence; and (3) that the ALJ's rejection of Ms. Bligen's need for an assistive device to stand or balance is not supported by substantial evidence. (ECF No. 18-1.) I will address each of these arguments in turn.

Ms. Bligen first argues that the ALJ failed to evaluate her RFC using the required function-by-function assessment. (*Id.* at 3-8.) RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96–8p, 1996 WL 374184 (S.S.A. July 2, 1996). The ALJ must consider even those impairments that are not "severe" in formulating the RFC. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. §§ 404.1529(c), 416.929(c). At this second stage, the ALJ must consider all available evidence, including medical history, objective medical evidence, opinion evidence, and statements by the claimant. *Id*. The ALJ must also assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. SSR 96–7p, 1996 WL 374186 (S.S.A. July 2, 1996).

In support of her argument that the ALJ did not properly consider her mental impairment in formulating the RFC, Ms. Bligen points to the medical opinions of her treating physician (Tadeusz Majchrzak), her physical therapist (Barbara Williams), her pain management physician (Stephen Wills), the consultative psychological examiner (Kim Arrington), and Dr. Bilal Saulet. Contrary to Ms. Bligen's argument, the ALJ considered the opinions of these sources and adequately explained the weight assigned to each opinion.

The ALJ explained that Dr. Arrington's opinion that Ms. Bligen had work-related mental limitations was entitled to little weight because the opinion was inconsistent with the medical evidence of record. This longitudinal evidence reflects regular visits by Ms. Bligen to doctors for issues related to physical problems, but "extremely limited" evidence of complaints of mental health problems, and limited mental health treatment. (Tr. 32.) The ALJ noted that Ms. Bligen's limited complaints of mental health problems and limited mental health treatment were inconsistent with Dr. Arrington's opinions. (*Id.*) In addition, the ALJ discounted Dr. Arrington's opinion because she did not have a treating relationship with Ms. Bligen. The ALJ's evaluation of Dr. Arrington's opinion is supported by substantial evidence, and this Court must not reweigh the evidence in the record.

As to the other medical opinions cited in Ms. Bligen's memorandum, the ALJ found that those opinions were inconsistent with other objective evidence in the record. As previously noted, the ALJ summarized Ms. Bligen's "extremely limited mental health treatment during the period at issue, which consisted of medication from her primary care provider [and] . . . no counseling services or treatment by a mental health professional," and concluded that this limited treatment did not support a finding that she was more than minimally limited in her mental functioning. (Tr. 30, 32.) The ALJ further explained that Ms. Bligen's occasional poor moods were adequately controlled with medication, and that she generally exhibited an adequate mood on examination. (*Id.*) For these reasons, the ALJ properly evaluated the impact of Ms. Bligen's mental impairments on her ability to work, and his conclusions are supported by substantial evidence.

Ms. Bligen's second argument is that the ALJ "failed to adequately address the Plaintiff's ability to sit." (ECF No. 18-1 at 8.) In reaching the determination that Ms. Bligen could sit for about six hours in an eight hour workday, Ms. Bligen argues, the ALJ "failed to consider whether the Plaintiff required a sit/stand option." (*Id.*) Ms. Bligen points to evidence in the record of her complaints of an inability to sit for prolonged periods. (*Id.*) She also cites consultative examiner Dr. William Barrish's opinion that she "could sit for 8 hours (1 hour at a time), stand for 1 hour (5 minutes at a time), and walk for 1 hour (5 minutes at a time) during an 8-hour workday." (Tr. 33.)

With respect to Ms. Bligen's subjective complaints, the ALJ found Ms. Bligen to be less than credible. In addition to the conservative nature of Ms. Bligen's treatment and the limited clinical and laboratory findings related to her condition, Ms. Bligen made inconsistent reports to the Social Security Administration regarding her work history and to her medical providers about her smoking. For example, the ALJ noted that while Ms. Bligen reported in January 2009 that she had been unable to work since June 1, 2007, she testified during the hearing that she actually worked part-time until October 2008. (Tr. 99-100.) The ALJ properly found that this

3

inconsistency "suggests that the information provided by the claimant may not be entirely reliable." (Tr. 31.) Similarly, Ms. Bligen "provided inconsistent information about her smoking to medical providers." (*Id.*) In January 2014, she told a physician that she had never smoked, but other evidence in the record from 2011 and 2012 indicates that she had been repeatedly instructed by doctors to stop smoking. (Tr. 31.) The ALJ properly considered these inconsistent statements in determining that Ms. Bligen's complaints about her ability to sit were not fully credible.

In reviewing an ALJ's decision, it is not this Court's role to reweigh the evidence or substitute its judgment for that of the ALJ. Instead, this Court's role is to determine whether the ALJ's decision is supported by substantial evidence. The ALJ properly evaluated Ms. Bligen's credibility and the medical evidence in the record. The ALJ's "implicit rejection" of a sit/stand option for Ms. Bligen is supported by substantial evidence.

Ms. Bligen's third argument is that the ALJ "failed to adequately address the Plaintiff's need for an assistive device." (ECF No. 18-1 at 9.) While the ALJ determined that Ms. Bligen "requires use of an assistive device to ambulate" (Tr. 21), Ms. Bligen argues that he did not consider whether she also "requires an assistive device to stand or balance." (ECF No. 18-1 at 9.) There is limited evidence in the record that Ms. Bligen requires an assistive device to stand or balance. During the hearing before the ALJ, Ms. Bligen testified that beginning in 2013 she stopped using a cane and began exclusively using a walker. (Tr. 108.) In a report dated February 19, 2013, Dr. William Barrish reported observing Ms. Bligen walk with "a slow gait pattern with use of a rolling walker." (Tr. 1361.) In the same report, Dr. Barrish checked "no" on a box to indicate that Ms. Bligen could not "ambulate without using a wheelchair, walker, or 2 canes or 2 crutches." (Tr. 1370.) In a report dated April 30, 2009, which predates Ms. Bligen's use of a walker but is nonetheless cited in her brief (ECF NO. 18-1 at 9), Dr. Alexander Hoffman noted that Ms. Bligen "walks slowly using a cane for support and balance" and that she "is able to ambulate slowly with the use of the assistive device." (Tr. 588-89.) Notably, Dr. Hoffman also stated that Ms. Bligen "has little difficulty standing on one leg at a time . . . and maintaining balance."(*Id.*)

Ms. Bligen's third argument is without merit. The ALJ considered evidence related to Ms. Bligen's need for a walker, but determined that she did not require a walker. The ALJ noted that "[r]ecent records from [Ms. Bligen's] primary care provider indicate that she was ambulating with use of a cane (not a walker)." (Tr. 21.) In addition, the ALJ considered the February 2013 consultative physical examination, where the physician observed that Ms. Bligen "used a single tip cane at home and a rolling walker in the community," and determined that she would "require[] only a cane while in the workplace." (Tr. 31.) In addition, the ALJ properly accorded only partial weight to Dr. Barrish's opinion because it was only partially consistent with the medical evidence of record. (Tr. 33.) In contrast to the limited evidence that Ms. Bligen cites in support of her claim that she requires an assistive device to stand or balance, there is a great deal of evidence in the record that contradicts this claim. (Tr. 1178 (noting a normal gait and stance, that "[h]eel walking was normal," and "[n]o antalgic gait was observed"), 1291 (noting a normal gait), 1294 (normal gait), 1298 (normal gait), 1306 (normal gait), 1316 ("gait and station normal"), 1340 (steady gait), 1441 (normal gait), 1444 (normal gait), 1447 (normal gait), 1450 (normal gait), 1453 (normal gait), 1459 (normal gait), 1463 (normal gait), 1465

(normal gait), 1471 (normal gait), 1475 (normal gait), 1478 (normal gait), 1481 (normal gait), 1484 (normal gait), 1489 (normal gait), 1494 (normal gait).) The ALJ's determination that Ms. Bligen requires the use of an assistive device to ambulate, but not to stand or balance, is supported by substantial evidence.

For the reasons set forth herein, Ms. Bligen's Motion for Summary Judgment (ECF No. 18) will be DENIED, and the Commissioner's Motion for Summary Judgment (ECF No. 20) will be GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                    Sincerely yours,

                                    /s/
                                Timothy J. Sullivan
                                United States Magistrate Judge